UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DANIEL A. TRASK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil No. 06-30-P-S |
| ANDREWS B. CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Defendant Andrews B. Campbell served as counsel for the Estate of Margaret Steele in matters before the State of Maine Probate Court. Plaintiff Daniel Trask was the estate's personal representative. Dissatisfied with the performance of Campbell as the estate's counsel, Trask contends that Campbell deprived him of life, liberty or property without due process of law. Now pending is Campbell's motion to dismiss brought pursuant to Rule 12[1] of the Federal Rules of Civil Procedure. I recommend that the Court grant the motion.

**Background**

Campbell argues that the Court lacks subject matter jurisdiction over the case because both parties are Maine residents and the complaint fails to raise a federal question, only a state law professional negligence claim at best. (Mot. to Dismiss at 1-2, Docket No. 10.) Prior to the date on which Campbell filed his motion to dismiss, Trask filed a pleading designed to amend his complaint to assert the denial of due process in violation of the Fourteenth Amendment.

---

[1] Campbell originally brought the motion pursuant to Rule 12 (b)(1), asserting lack of subject matter jurisdiction, as the original complaint alleged legal malpractice, a purely state law claim. In his response Trask attempted to amend his complaint to allege a constitutional violation and I have liberally construed the complaint allowing him to do so. Campbell's reply correctly noted that the complaint fails to state a claim because there is no allegation in the complaint that could be construed as a state action. Thus, in my mind it makes no difference that the complaint is ultimately subject to dismissal under Rule 12 (b)(6) rather than Rule 12 (b)(1).

(Docket No. 4.) Because Trask is a *pro se* litigant, I construe his complaint liberally as including a civil rights claim brought pursuant to 42 U.S.C. § 1983. In any event, the factual allegations contained in Trask's complaint concern actions undertaken by Campbell in his role as a private attorney for the Estate of Margaret Steele. The complaint does not allege that Campbell acted in any capacity other than in the capacity of a private attorney at law.

## Discussion

The Due Process Clause of the Fourteenth Amendment contains the general prohibition that no *state* shall deprive any person of life, liberty or property without due process of law. In order for Trask to have a Fourteenth Amendment claim against Campbell, he must establish that Campbell was a state actor, as opposed to a private actor, when he engaged in the activity of which Trask complains. This requirement is explicitly stated in the text of the Fourteenth Amendment and is repeated in Section 1983 of Title 42, the statute which authorizes individuals to bring private actions in federal court for violation of, among other things, rights secured by the Fourteenth Amendment.

> Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State . . . .'" Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (quoting § 1983). Therefore, a plaintiff claiming a § 1983 violation must allege that a person or persons acting under color of state law deprived him of a federal constitutional or statutory right. If the plaintiff fails to allege facts sufficient to establish either the deprivation of a federal right or that the defendant or defendants acted under color of state law, then the § 1983 claim is subject to dismissal.

Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005) (footnote and citation omitted). Although Trask alleges that he suffered a due process violation at Campbell's hands, Trask fails to allege that Campbell was a state actor. Moreover, even if he has included an allegation in his complaint that Campbell was a state actor, it is well-established that private

attorneys are not state actors, even if they are serving a private citizen by court appointment. Polk County v. Dodson, 454 U.S. 312, 318 (1981) (holding that a public defender is not a state actor for purposes of § 1983: "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); Malachowski v. Keene, 787 F.2d 704, 710 (1st Cir.) ("A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law."), cert. denied, 479 U.S. 828 (1986).

Because there is no basis in the law for the Court to infer that Campbell's activity as a private attorney for the Estate of Margaret Steele caused him to engage in activity on behalf of, or under color of authority granted by, the State of Maine, I recommend that the Court dismiss Trask's due process claim. Because the only remaining colorable claim is a state law professional negligence claim that is more appropriately pursued in state court, I recommend further that the Court dismiss the case in its entirety.

## Conclusion

For the reasons set forth above, I **RECOMMEND** that the Court **GRANT** the defendant's motion to dismiss (Docket No. 10).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated April 14, 2006